Western Union Telegraph Company v. C. H. Noland.

Decided February 3, 1904.

**Telegram—Mistake in Transmission—Causal Connection with Damages.**

Error in transmitting a message to a corporation was not ground for recovery of costs and attorney's fees in unsuccessful suits, which plaintiff would not have brought but for the error which induced him to believe that the corporation had broken its contract, where the suits brought were not against such corporation, but against individuals who would not have been liable for the breach of contract by the corporation.

Appeal from the County Court of Brown.   Tried below before Hon. S. C. Coffee.

The telegraph company appeals from a judgment for plaintiff, in a suit brought against it by Noland.

*Arch Grinnan,* for appellant.

*E. C. Harrell,* for appellee.

KEY, Associate Justice.—The following statement of the nature and result of this suit as set out in appellant's brief is substantially correct.

Appellee sues appellant for the costs and attorneys' fees incurred by the plaintiffs in the following cases: C. L. Giddens v. W. A. Blair, H. H. Hackney and J. W. Blair; C. L. Giddens v. Fort Worth & R. G. Ry. Co., garnishee; Calvert & Smith v. W. A. Blair, H. H. Hackney and J. W. Blair; J. R. Looney v. W. A. Blair, H. H. Hackney and J. W. Blair.   All said cases are in the Justice Court, Precinct No. 1, Brown County, and C. H. Calvert and J. S. Smith v. First National Bank of Atchison, Kan., in County Court of Brown County; said costs and attorneys' fees aggregating $99.76; and alleges that said cases would not have been filed and said costs incurred, but for the failure of appellant to correctly transmit the following telegram: "To Blair Milling Company, Atchison, Kansas:   Parties ask eighty (80) cents per barrel, if flour is not shipped. (Signed) C. H. Noland."   Which telegram was accepted and received by appellant at Brownwood for transmission February 4, 1902, the word "eight" being substituted for the word "eighty" in negligently transmitting the same.   Blair Milling Company is alleged by plaintiff to be a private corporation, and appellee alleges that said claims for damages have been assigned to him and asks judgment for said costs, attorneys' fees, interest and cost of suit.

Appellant pleaded general demurrer, general denial, specially excepted to plaintiff's petition, because it does not appear that the damages were in the contemplation of the parties when the contract for transmission was made.   Case was tried before the court on July 22, 1903, resulting in a judgment in favor of appellee for $106.89.

We sustain the assignments of error which complain of the action of the court in overruling the general demurrer to the plaintiff's petition, and in rendering judgment for the plaintiff on the facts established by the testimony, which were, in substance, as alleged in the petition; and overrule the other assignments.

According to the averments of the petition, the Blair Milling Company, to whom the telegraphic message was sent, was a private corporation; and if no mistake had been made by the telegraph company, and the message had been correctly transmitted and delivered, and the Blair Milling Company had breached the contract, as was supposed when the several suits in the justice court against the several parties referred to were filed, such suits would have been improperly brought, and the defendants therein would not have been liable for costs or otherwise. The several parties sued in the justice court were not the Blair Milling Company; nor does the plaintiff's petition disclose any facts that could have rendered them liable on account of the milling company's breach of contract, if such breach had existed. The petition alleges that the suits in the justice court were brought against "the parties composing the Blair Milling Company, to wit: W. A. Blair, H. H. Hackney and J. W. Blair."

If the Blair Milling Company had been a partnership, it may be that the parties referred to would have been liable as partners, had the milling company breached its contract. But according to the averment and admission in the plaintiff's petition, the Blair Milling Company was not a partnership, but a private corporation, and the individuals who were sued in the justice court, while they may have been stockholders, directors or officers of the corporation, could not compose the Blair Milling Company. That company was a private corporation, a legal entity, separate and distinct from its stockholders, directors and officers.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*